IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIRNELL WILLIAMS, # B-58000, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1015-NJR |
| | ) |
| OFFICER RODMAN and | ) |
| CHRISTOPHER SCOTT THOMPSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for a merits review of Plaintiff's Second Amended Complaint[1] (Doc. 18), filed on July 9, 2018, at the direction of the Court. (Doc. 11).

When the Court reviewed the First Amended Complaint (Doc. 5) pursuant to 28 U.S.C. § 1915A, the undersigned concluded that in light of Federal Rule of Civil Procedure 20, Counts 2, 3, and 4 were not properly joined with Count 1 against Rodman and Thompson. (Doc. 11). The Court therefore severed Counts 2-4 into a separate case.[2] Count 1 remains in this action, but was dismissed without prejudice based on the failure of the First Amended Complaint to state a cognizable claim. Plaintiff was directed to file another amended complaint if he wished to re-plead Count 1, which the Court outlined as follows:

> **Count 1:** Claim against Thompson and Rodman, for interfering with Plaintiff's access to the courts, by confiscating and reading Plaintiff's legal mail outside Plaintiff's presence, and withholding the confiscated legal material from Plaintiff for at least 10 days.

---

[1] Plaintiff labeled this pleading as "First Amended Complaint," however, it is actually the Second Amended Complaint. Plaintiff submitted a First Amended Complaint, docketed at Doc. 5, before the Court conducted the original merits review of this action.

[2] The severed case is *Williams v. Jaimet, et al.*, Case No. 18-cv-1207-NJR.

1

## The Second Amended Complaint (Doc. 18)

The events underlying this action occurred while Plaintiff was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").

On March 26, 2018, the Defendants confiscated all of Plaintiff's legal mail and documents. (Doc. 18, p. 1). The documents consisted of material for the following cases:

1) *Williams v. D.U.M.E.G.*, Case No. 16-cv-384 (N.D. Ill.)[3] – flash drives, CDs, witness statements, names, and I.D. numbers, documents relating to Plaintiff's defense, and documents which were to be mailed to the defendants in that action for discovery;

2) *Williams v. Cook Cnty.*, Case No. 17-cv-328 (N.D. Ill.)[4] – pictures of evidence (showers and beds), and witnesses' names and I.D. numbers;

3) Cook County Criminal Case No. 15-cr-18356 – documents, notes, witness names and I.D. numbers, and a "line of defense;"

4) *Williams v. IDOC, et al.*, Case No. 18-cv-0019 (N.D. Ill.) – witness statements, affidavits, names, and I.D. numbers.

(Doc. 18, pp. 1-2). The confiscated material included attorney-client privileged mail from attorneys Corey Benjamin and Christopher Dallavo.[5] Plaintiff alleges that Defendants read and copied that mail, outside of Plaintiff's presence. (Doc. 18, p. 2).

On April 23, 2018, Plaintiff received CDs and mail which had been clearly marked "privileged." This legal mail arrived having been already opened, however, and the CDs were

---

[3] Plaintiff is proceeding *pro se* in Case No. 16-cv-384, against the DuPage Metropolitan Enforcement Group. The online docket report in that case reflects that the action has been stayed pending the resolution of Plaintiff's motion to withdraw his guilty plea in his state criminal case. (Doc. 107 in Case No. 16-cv-384). The court noted that the hearing on Plaintiff's motion to withdraw his plea was set for August 3, 2018. (Doc. 109 in Case No. 16-cv-384). The Court obtained this docket information from the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (a court can take judicial notice of court documents, which are public records); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[4] The docket sheet for Case No. 17-cv-328 reflects that Plaintiff, through his attorney Corey Benjamin, reached a settlement with the defendants on April 4, 2018, and the case was closed on May 2, 2018. (Docs. 51, 52, 53 in Case No. 17-cv-328).

[5] Attorney Christopher Dallavo represents Plaintiff in *Williams v. IDOC, et al.*, Case No. 18-cv-0019 (N.D. Ill.), according to the docket sheet in that matter.

taken and copied. *Id.*

In *Williams v. D.U.M.E.G.*, Case No. 16-cv-384 (N.D. Ill.), Plaintiff is facing a pending motion for summary judgment. (*See* Docs. 96, 97, in Case No. 16-cv-384). He is not able to respond to that motion unless his legal mail is returned. (Doc. 18, p. 2).

Defendants interfered with Case No. 17-cv-328 by confiscating Plaintiff's photographs of the showers and beds, and by reading and copying the pictures. *Id.*

Defendants interfered with Plaintiff's criminal case (Cook County No. 15-cr-18356) because witnesses' names, addresses, and I.D. numbers were not returned to him, so Plaintiff no longer has this information to turn over to his attorney. He needs the confiscated material as evidence for withdrawing his plea in that criminal matter. (Doc. 18, p. 2).

The confiscated witness statements, affidavits, names, and I.D. numbers for *Williams v. IDOC, et al.*, Case No. 18-cv-0019 (N.D. Ill.), have never been returned to Plaintiff.

In addition, Plaintiff states that he was unable to "file other 'legal claims' due to the mail being taken and not returned." (Doc. 18, p. 2).

Finally, Plaintiff includes an affidavit stating that on or about June 19, 2018, Rodman and Lt. Frank (who is not a Defendant in this action) moved Plaintiff out of his cell and placed him in the shower while they took court-ordered pictures of his cell in connection with *Williams v. Baldwin, et al.*, Case No. 18-cv-986-MJR-SCW (S.D. Ill.). (Doc. 18, p. 3). Before he left the cell, Plaintiff had finished preparing his amended complaint for the instant action. When Plaintiff returned to the cell, he discovered that Rodman had taken the amended complaint. Rodman also retaliated against Plaintiff by issuing him a ticket for having alleged gang material. (Doc. 18, pp. 3-4, 6-7).

The Second Amended Complaint does not include a request for relief.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

As with Plaintiff's original pleading, the Court must review the merits of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

After carefully reviewing the Second Amended Complaint, the Court finds that Plaintiff's claims in **Count 1** survive review under Section 1915A and shall proceed for further consideration. But Plaintiff must notify the Court and Defendants of what relief he seeks to obtain if he should prevail on his claims. *See* FED. R. CIV. P. 8(a)(3) (a complaint must include "a demand for the relief sought"); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (failure to specify relief does not warrant dismissal for failure to state a claim). The Court presumes that the absence of a prayer for relief was an oversight on Plaintiff's part, as he had requested money damages and injunctive relief in the now-dismissed First Amended Complaint. Accordingly, Plaintiff shall be ordered to submit another amended complaint, which shall contain a demand for relief, in addition to the factual allegations presented in the Second Amended Complaint.

**Count 1 – Thompson and Rodman Denied Plaintiff Access to the Courts**

As explained in the order dismissing Plaintiff's earlier Complaint, the confiscation of privileged attorney-client correspondence, and the opening of such correspondence outside the presence of the inmate-client may violate the Constitution. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). *See also Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010). A plaintiff who brings an access-to-court claim also must demonstrate that a meritorious

legal claim or defense has been prejudiced as a result of the privileged mail being opened. *Guajardo-Palma*, 622 F.3d at 805-06; *Kaufman*, 419 F.3d at 686.

Plaintiff's Second Amended Complaint indicates that additional legal materials (documents, witness information, and photographs) were taken from his cell by Defendants, and they have not returned important information to him. His claim against Thompson and Rodman thus may also encompass the confiscation of these items, if Plaintiff has suffered a detriment to one or more of his pending cases as a result. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

Plaintiff has identified a significant hindrance that he faces in *Williams v. D.U.M.E.G.*, Case No. 16-cv-384, as a result of the confiscation of his mail and/or other materials. While the case is presently stayed, Plaintiff is representing himself and must eventually respond to a pending motion for summary judgment. He claims that he cannot prepare a response to the motion without the items seized by Thompson and Rodman. Plaintiff has thus stated a cognizable claim with respect to Case No. 16-cv-384 that merits further review.

The Second Amended Complaint has clarified that at least some of the material confiscated from Plaintiff's cell by Thompson and Rodman consisted of privileged communications between Plaintiff and his attorneys. Corey Benjamin represented Plaintiff in *Williams v. Cook Cnty.*, Case No. 17-cv-328 (N.D. Ill.). While that case is now settled and closed, at the time Defendants took Plaintiff's attorney-client mail and evidentiary material on March 26, 2018, the final settlement conference had not yet taken place, and the matter was still pending. As such, Plaintiff may proceed with the portion of his access-to-courts claim based on the confiscation of his mail and other material relating to Case No. 17-cv-328, at this early stage.

5

In order to prevail, however, Plaintiff will have to demonstrate that he suffered some detriment to the case as a result of the Defendants' actions.

Likewise, it appears that Plaintiff has suffered a detriment with respect to his effort to withdraw his guilty plea in the Cook County criminal case, No. 15-cr-18356, as a result of Defendants confiscating Plaintiff's documentation of witnesses' names, addresses, and I.D. numbers. Plaintiff claims that this material is necessary evidence that he planned to give to his criminal attorney in that matter. This portion of Plaintiff's claim may also proceed for further review.

With reference to the fourth and last case on Plaintiff's list, Defendants allegedly confiscated witness statements, affidavits, names, and I.D. numbers for *Williams v. IDOC, et al.*, Case No. 18-cv-0019, in which Plaintiff is represented by attorney Christopher Dallavo. Plaintiff also claims that correspondence between him and attorney Dallavo was confiscated, read, and copied. At least some of the confiscated material has not been returned to Plaintiff. While Plaintiff does not explain how the loss of the material has prejudiced him in this case, he shall be allowed the opportunity to do so as this portion of his claim proceeds for further factual development.

Plaintiff's allegation that he was unable to file other unidentified legal claims because of mail not being returned to him (Doc. 18, p. 2) is too vague to state a cognizable claim, and shall not be considered further at this time.

Notably, Plaintiff's allegation that Rodman took his amended complaint for this action on June 19, 2018, fails to state a constitutional claim for denial of access to the courts. (Doc. 18, p. 3). Plaintiff previously brought this matter to the Court's attention and was given an extension of the deadline for filing his Second Amended Complaint. He therefore suffered no detriment as

a result of Rodman taking the prior draft of the pleading. That being said, the Court cannot condone such behavior on the part of a prison official.

### Dismissal of New Retaliation Claim

Finally, Plaintiff raises an entirely new claim against Rodman, for issuing Plaintiff a false disciplinary ticket on June 19, 2018, based on the alleged possession of gang material (a puzzle book). (Doc. 18, pp. 3-4, 6-7). Plaintiff characterizes this action as retaliation, but he does not say what action on his part allegedly prompted Rodman to retaliate against him. Furthermore, this incident had not even occurred at the time Plaintiff filed the instant case on April 24, 2018. As such, Plaintiff cannot demonstrate that he exhausted the prison's administrative grievance procedure with respect to the incident before he commenced this suit. This means that the new retaliation claim would be subject to dismissal if it were brought as part of this ongoing lawsuit. *See* 28 U.S.C. § 1997e(a); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient).

For these reasons, the Court shall not recognize or consider any claim against Rodman stemming from the June 19, 2018, disciplinary report incident in *this* action, and any such claim should be considered dismissed without prejudice. If Plaintiff wishes to pursue legal action based on that incident, he must do so in a separate lawsuit after first exhausting his administrative remedies.

### **Pending Motion**

Plaintiff's motion to dismiss this case (Doc. 12) is **DENIED as moot** in light of Plaintiff's subsequent filing of the Second Amended Complaint in this action.

**Disposition**

**COUNT 1**, as discussed above, shall proceed for further review in this action.

Because the Second Amended Complaint does not contain any demand for the relief sought, as provided in Federal Rule of Civil Procedure 8(a)(3), Plaintiff shall file a Third Amended Complaint within 21 days **(on or before August 28, 2018)** to correct this omission. The Second Amended Complaint (Doc. 18) does state a cognizable claim for relief, as outlined above. Therefore, Plaintiff should include the allegations from the Second Amended Complaint which support his claims in Count 1. All new material presented in the Third Amended Complaint shall be <u>underlined</u>, in compliance with SDIL Local Rule 15.1. The new pleading should be labeled "Third Amended Complaint" and include Case Number 18-cv-1015-NJR.

Plaintiff is reminded that the Third Amended Complaint will supersede and replace all prior complaints. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the prior Complaint. Thus, the Third Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Third Amended Complaint.

If Plaintiff fails to comply with this order within the allotted time, this action will be subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

The Clerk of Court shall prepare for **RODMAN** and **THOMPSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended

Complaint (Doc. 18), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 7, 2018**

*[signature]*
_____
**NANCY J. ROSENSTENGEL
United States District Judge**